UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT LAWRENCE JONES II,<br><br>            Petitioner,<br><br>    v.<br><br>JIM ROBERTSON,<br><br>            Respondent. | No.  1:20-cv-01357-DAD-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 17) |

Petitioner Elliott Lawrence Jones II is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 6, 2021, the assigned magistrate judge issued findings and recommendations, recommending that the petition be denied.  (Doc. No. 17.)  Specifically, the findings and recommendations considered and recommended the rejecting on the merits of petitioner's sole claim for relief that the evidence presented at his trial in state court was insufficient to support his conviction on six counts of kidnapping to commit robbery.  (*Id*. at 7-13.)  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within thirty days after service.  To date, no objections have been filed, and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court holds the findings and recommendations to be supported by the record and proper analysis.

The court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the court finds that reasonable jurists would not find the court's rejection of petitioner's claim to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendation issued on May 6, 2021 (Doc. No. 17) are adopted in full;
2. The petition for writ of habeas corpus is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:  **September 5, 2021**

_____
UNITED STATES DISTRICT JUDGE